# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | Criminal Action No. **3:17-CR-155-L** |
| **DEHSHID NOURIAN** | § | |
| **a.k.a. DAVID NOURIAN;** | § | |
| **CHRISTOPHER RYDBERG; and** | § | |
| **MICHAEL TABA.** | § | |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

### Introduction

These Instructions contain the law that applies in this case. You must follow them in reaching your verdict. Consider these Instructions as a whole. Do not single out any portion. Do not disregard any instruction.

First, I will give you some general instructions that apply in every case, for example, instructions about burden of proof and how to judge the believability or credibility of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you must follow in your deliberations.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide which evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

As jurors, your duty is to determine the facts without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have a right to expect nothing less. In performing your duty, consider only the evidence admitted

during trial. Do not speculate about matters that are not in evidence; however, you are permitted to draw reasonable, common-sense inferences from the testimony and exhibits.

### Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. That the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether the Government or an individual, stand as equals under the law.

### Duty to Follow Instructions

You, as jurors, are the judges of the facts, but in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

### Presumption of Innocence, Burden of Proof, and Reasonable Doubt

The Superseding Indictment (hereafter referred to as "Indictment"), filed September 11, 2019, against:

- Dehshid Nourian (also known as "David Nourian") (hereinafter referred to as "Defendant Nourian");

- Christopher Rydberg (hereinafter referred to as "Defendant Rydberg"); and

- Michael Taba (hereinafter referred to as "Defendant Taba")

(collectively referred to as "Defendants") merely contains a list of allegations against each of them, nothing more. The Indictment is not evidence of guilt. All Defendants start out with a clean slate, and you may not find any of them guilty of any count in the Indictment until the Government proves each count with respect to each Defendant by proof beyond a reasonable doubt.

I instruct you that each Defendant is presumed by the law to be innocent. The law does not require any Defendant to testify, prove his innocence, or produce any evidence at all. The Government has the burden of proving each Defendant guilty beyond a reasonable doubt as to each count charged against him in the Indictment. If it fails to do so on any count, you must find that Defendant not guilty as to that count.

While the Government's burden of proof is a strict or heavy burden, it is not necessary that guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning each Defendant's guilt. A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

### Evidence—Excluding What Is Not Evidence

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits that have been introduced. Remember that any statements, objections, or arguments made by the lawyers are not evidence. All exhibits that have been admitted into evidence will be

provided to you. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that control in this case. What the lawyers say is not binding upon you.

During the trial, I sustained objections to certain questions. You must disregard those questions entirely and any answer that may have been given to such questions. Do not speculate as to what the witness would have said if permitted to answer the question. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law and rulings on objections and the admissibility of evidence, you are to disregard anything I may have said during the trial in arriving at your own findings as to the facts.

### Evidence—Inferences—Direct and Circumstantial

In considering the evidence, you may draw inferences, make deductions, and reach conclusions that reason and common sense lead you to make from facts that have been established by the evidence, and you are not to be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that a defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to direct or circumstantial evidence; therefore, you must not be concerned whether the evidence is "direct evidence" or "circumstantial evidence," and you are to consider and weigh all of the evidence that was presented to you.

## Improper Considerations

Your verdict must be based solely upon the evidence developed at trial or the lack thereof. It is improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about Defendants. All persons are entitled to the presumption of innocence. It is equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

## Credibility of Witnesses

I remind you that it is your job to decide whether the Government has proved each Defendant guilty beyond a reasonable doubt as to each count charged in the Indictment. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You are to decide whether you believe all or part of what each person had to say and how important that testimony was. In weighing and deciding credibility, consider the following: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the Government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the

witness's testimony differ from the testimony of other witnesses? These are some, but not all, of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe what each witness had to say. In other words, you may accept all of the testimony of a witness; you may accept only part of it; or you may reject a witness's testimony entirely. In reaching your verdict, however, do not make any decision simply because there may have been more witnesses on one side than on the other. Your duty is to decide whether you believe what each witness had to say and how important that testimony was.

The testimony of a single witness, that produces in your minds the belief in the likelihood of truth beyond a reasonable doubt is sufficient for the proof of any fact, even though a greater number of witnesses may have testified to the contrary, if you believe this witness and have considered all the other evidence. In other words, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

### Impeachment by Prior Inconsistencies

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial. Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and

therefore whether they affect the credibility of that witness. If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## Accomplice—Coconspirator—Plea Agreement

In this case, the Government called as witnesses certain alleged accomplices, co-defendants, or coconspirators with whom the Government has entered into plea agreements. These plea agreements provide for the possibility of certain benefits for these individuals, including binding and nonbinding recommendations for favorable sentences. Such plea bargaining, as it is called, has been approved as lawful and proper, and it is expressly provided for by legal authority applicable to criminal cases. An alleged accomplice, including one who has entered into a plea agreement with the Government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You are to keep in mind that such testimony is always to be received with caution and weighed with great care. You are not to convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt. That an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

## Opinion Witnesses

During the trial you heard the testimony from Doctors Javier Jimenez and Daniel Buffington who both expressed opinions regarding the efficacy—which means the power to produce an effect—and need for certain prescription pain medications. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or

education may testify and state an opinion concerning such matters. Merely because Dr. Jimenez and Dr. Buffington have expressed opinions does not mean, however, that you must accept their opinions. You are to judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinions, and all other evidence in the case.

### In or Around, On or About, or Approximately

You will note that the Indictment charges that the offenses were committed on or about specified dates or ranges of dates. The Government does not have to prove that the crime alleged was committed on that exact date, so long as it proves beyond a reasonable doubt that a defendant committed the crime on a date reasonably near the dates stated in the Indictment. You will note also that the Indictment charges various dollar amounts, including claims submitted to the Federal Employee Compensation Act (FECA) program administered by the United States Department of Labor, Office of Workers' Compensation Programs (OWCP), and Blue Cross Blue Shield (BCBS), as approximate. As with dates, the Government does not have to prove with exact certainty any dollar amount alleged in the Indictment.

### Venue—Conspiracy

The events presented at trial happened in various places. There is no requirement that the entire conspiracy took place in the Northern District of Texas, but for you to return a guilty verdict, the Government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this District, even if a defendant never set foot in the District. An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of a criminal

nature, it must be done in furtherance of the object of the conspiracy. Unlike the other elements of the offense, this is a fact that the Government has to prove only by a preponderance of the evidence. This means the Government must convince you that it is more likely than not that part of the conspiracy took place in the Northern District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that the cities of Dallas and Fort Worth are located in the Northern District of Texas.

### Caution—Consider Only Crimes Charged

You are here to decide whether the Government has proved beyond a reasonable doubt that each defendant is guilty of the crimes charged in the Indictment. Defendants are not on trial for any act, conduct, or offense not alleged in the Indictment.

### Caution—Punishment

If any Defendant is found guilty of any count in the Indictment, it will be my duty to decide what the punishment will be. You must not be concerned with punishment in any way. It must not be considered or discussed by you at all.

### Multiple Defendants—Multiple Counts

A separate crime is charged against one or more of each Defendant in each count of the Indictment. Each count, and the evidence pertaining to it, is to be considered separately. The case of each Defendant is to be considered separately and individually. That you may find one or more of the accused "guilty" or "not guilty" of any of the crimes charged does not control your verdict as to any other crime or any other Defendant. You must give separate consideration to the evidence as to each Defendant.

**Demonstrative Summaries and Charts Not Received into Evidence**

During the testimony of some witnesses, certain charts and summaries were shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents). These charts and summaries are not admitted into evidence or proof of any facts, and they will not be available to you during the course of your deliberations. You are to determine the facts only from the evidence that has been admitted.

**Summaries and Charts Received in Evidence**

Certain charts and summaries of other records have been received into evidence. They are to be considered like any other evidence in the case. You are to give them only such weight as you think they deserve. These summary charts were shown to you to assist or aid you in considering the evidence. The charts included in these exhibits are no better than the testimony and documents upon which they are based. Moreover, they are not themselves independent evidence. Therefore, you are to give no greater consideration of these exhibits than you would give to the evidence upon which they are based.

It is for you to determine the accuracy of the summary charts. You are entitled to consider these charts, if you find that they are of assistance to you in analyzing and understanding the evidence. In other words, summary charts are only used as a matter of convenience. If you find the charts, or any part thereof, not to be truthful summaries of facts or figures shown by evidence in the case, you are to disregard them insofar as they are not supported by the evidence in this case.

**Certain Testimony of Government's Witness Dr. Elliott Cook and Related Exhibits**

As previously stated, Government's Exhibit 421 is a summary exhibit of the billing data maintained by the Department of Labor for prescriptions billed by Ability Pharmacy and Industrial & Family Pharmacy for Rhonda Clark. Government's Exhibit 1001 is a summary

exhibit of the billing data for Ability Pharmacy, Industrial & Family Pharmacy and Park Row Pharmacy maintained by the Department of Labor and third-party billing companies.

Upon further review of the exhibits, the billing data maintained by the Department of Labor and the testimony of Government's witness, Dr. Elliott Cook, the billed amounts in the exhibits include claims that were denied for unknown reasons and resubmitted, and therefore, the billed amounts are confusing and misleading. Accordingly, Government's Exhibits 418, 421 and 1001 have been withdrawn by the Government and are not evidence.

Government's Exhibits 1034 and 1035 have also been withdrawn by the Government. Therefore, you may not consider any of these exhibits or the information contained in those exhibits.

Additionally, you may not consider any testimony from Dr. Elliott Cook regarding those exhibits. I am instructing you to disregard all information from those exhibits and all testimony from Dr. Elliott Cook regarding the total amounts billed by the parties to the Department of Labor or any alleged "red flags" Dr. Elliott Cook believed could be potentially related to the total amounts billed.

### Transcripts of Tape-Recorded Conversations

Government Exhibits 915 and 916 have been identified as a typewritten transcript of the oral conversation and captioned video transcript of the oral conversation which can be heard on the tape recordings received in evidence as Exhibit 914. Government Exhibits 918 and 919 have been identified as a typewritten transcript of the oral conversation and captioned video transcript of the oral conversation which can be heard on the tape recordings received in evidence as Exhibit 917. The transcript and captioned video transcript also purport to identify the speakers engaged in such conversation.

I have admitted the written transcripts and captioned video transcripts for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recordings, and also to aid you in identifying the speakers.

You are specifically instructed that whether the written transcript and captioned video transcripts correctly or incorrectly reflect the contents of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcripts, and from your own examination of the transcripts in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you determine that the transcript is in any respect incorrect or unreliable, you are to disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

## Law Enforcement Witnesses

Because a particular witness is a law enforcement officer does not mean that his or her testimony is deserving of any special consideration or any greater weight by reason of that fact. Likewise, his or her testimony is not deserving of less consideration or weight because of his or her position as a law enforcement officer. Such witnesses are to be treated as any other witness.

## Intent

Intent ordinarily may not be proved directly because there is no way of fathoming or scrutinizing the operations of the human mind, but you may infer a defendant's intent from surrounding circumstances. To determine whether one acted "intentionally," you may consider any statement made and any act done or omitted by any Defendant, and all other facts and circumstances in evidence that indicate his state of mind. You may consider it reasonable to draw

the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

### Notes of Jurors

Some of you have taken notes. Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you are to rely on your memory and not on your notes. The notes are not in evidence. If you have not taken notes, you are to rely on your independent recollection and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

### Interstate Commerce, Commerce, and Affecting Commerce

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation, and communication. Only a minimal effect is required to show that the health care benefit program "affected commerce."

### Transcript of Proceedings

An official court reporter has made a record of the entire trial. A typewritten transcript of this trial, however, will not be available for your use during jury deliberations in this case.

### Identification Testimony

In any criminal case, the Government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove beyond a reasonable doubt the identity of the Defendant as the perpetrator of the alleged offenses.

In evaluating the identification testimony of a witness, you are to consider all the factors already mentioned concerning your assessment of the credibility of any witness in general, and

are to also consider, in particular, whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider, in that regard, such matters as the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which Defendants were presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe each Defendant. If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of any Defendant as the perpetrator of an offense charged in the Indictment, you must find that Defendant not guilty as to such alleged offense.

### Jamshid ("James") Noryian

As instructed earlier during the course of this trial, James Noryian is no longer on trial because his medical conditions prevented him from proceeding further at this time. Also, please recall I informed you that he would be tried later at the appropriate time by a different jury. Even though he is no longer a part of this trial, you may still consider all of the evidence presented concerning him. You may consider and determine whether James Noryian was a member of the conspiracies charged in Count One, Ten, and Seventeen of the Indictment, if you determine, beyond a reasonable doubt, that the conspiracies as charged existed. You may also consider whether James Noryian knowingly and willfully participated in the offense charged in Counts One, Ten, and Seventeen of the Indictment, if you determine, beyond a reasonable doubt, that the offenses took place.

## Count One
## Conspiracy to Commit Health Care Fraud
## 18 U.S.C. § 1349

Title 18, United States Code, Section 1349, makes it a crime for anyone to conspire with someone else to commit health care fraud. All three Defendants are charged with this offense in Count One of the Indictment. The court directs you to read this count as set forth in the Indictment. As I previously instructed you, the Indictment is merely an accusation and not evidence of guilt.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find any Defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First*:      That such Defendant and at least one other person made an agreement to commit the crime of health care fraud, as charged in the Indictment;

*Second*:      That such Defendant knew of the unlawful purpose of the agreement; and

*Third*:      That such Defendant joined in it willfully, that is, with the intent to further its unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though such Defendant had not participated before and even though such Defendant played only a minor part.

The Government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.

Similarly, the Government need not prove that all of the details of the scheme alleged in the Indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

The word "knowingly," as that term is used in these Instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

The word "willfully," as that term is used in these Instructions, means that the act was committed voluntarily and purposefully, with the specific intent to do something the law forbids; that is to say, with the bad purpose either to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct violates.

Mere presence at the scene of an event, however, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator. Further, a conspiracy cannot be proved solely by a family relationship.

As noted already, the object of the conspiracy charged in Count One is health care fraud, which is a violation of Title 18, United States Code, Section 1347. I provide you with instructions concerning Section 1347 later in these Instructions, in connection with Counts Two through Nine of the Indictment. You are directed to read the elements of health care fraud as set forth in these counts before you reach a decision as to Count One. Keep in mind, however, that

in considering the conspiracy charge in Count One, the Government is not required to prove that Defendant actually committed health care fraud, or that the crime of health care fraud was actually committed by anyone, but only that such Defendant conspired to commit health care fraud.

**Counts Two through Nine**
**Health Care Fraud and Aiding and Abetting Health Care Fraud**
**18 U.S.C. §§ 1347 and 2**

Title 18, United States Code, Section 1347, makes it a crime for anyone to knowingly and willfully execute or attempt to execute a scheme or artifice: (1) to defraud any health care benefit program, or (2) to obtain any of the money or property owned by or under the custody or control of any health care benefit program by means of false or fraudulent pretenses, representations, or promises. Defendant Nourian is charged with this offense in Counts Two through Nine of the Indictment, and Defendant Taba is charged with this offense in Counts Seven through Nine of the Indictment. You are directed to read these counts as set forth in the Indictment. As I previously instructed you, the Indictment is merely an accusation and not evidence of guilt.

For you to find any Defendant guilty or each crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First*:        That such Defendant knowingly and willfully executed, or attempted to execute, a scheme or artifice (1) to defraud a health care benefit program (Federal Employees Compensation Act (hereinafter referred to as "FECA") or Blue Cross Blue Shield (hereinafter referred to as "BCBS")), or (2) to obtain money or property owned by or under the control of a health care benefit program (FECA or BCBS) by means of false or fraudulent pretenses, representations, or promises, in connection with the delivery of, or payment for, health care benefits, items, or services;

*Second*:    That such Defendant acted with a specific intent to defraud a health care benefit program;

*Third*:      That the false or fraudulent pretenses, representations, or promises that such Defendant used were material; and

*Fourth*:     That the operation of the health care benefit program affected interstate commerce.

The word "knowingly," as used in these Instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

The word "willfully," as used in these Instructions, means that the act was committed voluntarily and purposefully, with the specific intent to do something that the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

A "scheme or artifice" means any plan, pattern, or course of action involving a false or fraudulent pretense, representation, or promise intended to deceive others to obtain something of value, such as money, from the institution to be deceived.

A "health care benefit program" is defined as "any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service, for which payment may be made under the plan or contract."

A defendant acts with the requisite "intent to defraud" if he acted knowingly and with the specific intent to deceive for the purpose of causing some financial loss to another or bringing about some financial gain to himself.

The Government is not required to prove that a defendant had actual knowledge of or specific intent to violate the applicable health care fraud statutes.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation is also "false" when it constitutes a half-truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A false representation is "material" if it has a natural tendency to influence, or is capable of influencing, the institution to which it is addressed.

"Affecting commerce" means that there is any effect at all on interstate or foreign commerce, however minimal.

"Interstate commerce" means commerce or travel between one state, territory, or possession of the United States and other state, territory, or possession of the United States, including the District of Columbia. "Commerce" includes travel, trade, transportation, and communication. Only a minimal effect is required to show that the health care benefits program "affected interstate commerce." Proof that the money obtained through execution of the scheme was paid through a financial institution insured by the Federal Deposit Insurance Corporation (hereafter referred to as "FDIC"), for example, is sufficient to establish that the activity "affected interstate commerce."

It is not necessary that the Government prove all of the details alleged in the Indictment concerning the precise nature of the alleged scheme, or that the alleged scheme actually succeeded in defrauding someone. What must be proved beyond a reasonable doubt is that the accused knowingly executed or attempted to execute a scheme that was substantially similar to the scheme alleged in the Indictment.

## Count Ten
### Conspiracy to Launder Money and Engage in Monetary Transactions in Criminally Derived Property
### 18 U.S.C. § 1956(h)

Title 18, United States Code, Section 1956(h), makes it a crime for anyone to conspire with someone else to commit the crime of money laundering or the crime of engaging in monetary transactions in property derived from specified unlawful activity. Defendant Nourian and Defendant Rydberg are charged with this offense in Count Ten of the Indictment. The court instructs you to read Count Ten of the Indictment.

As I explained earlier, a "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find any Defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First*:      That such Defendant and at least one other person made an agreement to commit the crime of money laundering, which I will define for you in a moment;

*Second*:   That such Defendant knew the unlawful purpose of the agreement; and

*Third*:     That such Defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

Again, one may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy, even though such Defendant had not participated before and even though such Defendant played only a minor part.

The Government is not required to prove an overt act in furtherance of the conspiracy.

The Government is not required to prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the Government need not prove that all of the details of the scheme alleged in the Indictment were actually agreed upon or accomplished; nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objective.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, or may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator. Further, a conspiracy cannot be proved solely by a family relationship.

For you to find any Defendant guilty of conspiracy to commit money laundering the Government must establish evidence more than a bare transaction; that is, there must be evidence beyond a reasonable doubt to infer specific intent to join the conspiracy. You may not find that merely because a defendant may have dealt in large sums of money that such Defendant is guilty of any wrongdoing.

As noted already, the object of the conspiracy charged in Count Ten is the crime of money laundering or engaging in monetary transactions in property derived from specified unlawful activity. I provide you with instructions concerning the crime of money laundering later in these Instructions, in connection with Counts Eleven through Sixteen of the Indictment. I provide you with instructions for engaging in monetary transactions in property derived from

specified unlawful activity below. You are directed to read the elements of Counts Eleven through Sixteen before you reach a decision as to Count Ten. Keep in mind, however, that in considering the conspiracy charge in Count Ten, the Government is not required to prove that a defendant actually committed the crime of money laundering or that a defendant actually engaged in monetary transactions in property derived from specified unlawful activity or that either crime was actually committed by anyone, but only that such Defendant conspired to commit either crime.

To assist you in determining whether Defendant Nourian and Defendant Rydberg committed the conspiracy in Count Ten, the elements of the crime of engaging in transactions in proceeds of specified unlawful activity, which is a violation of Title 18, United States Code, Section 1957 are:

| | |
|---|---|
| *First*: | That a defendant or a coconspirator knowingly engaged in a monetary transaction; |
| *Second*: | That the monetary transaction was of a value greater than $10,000; |
| *Third*: | That the monetary transaction involved criminally derived property; |
| *Fourth*: | That criminally derived property was derived from specified unlawful activity, namely health care fraud; |
| *Fifth*: | That a defendant knew that the monetary transaction involved criminally derived property; and |
| *Sixth*: | That the monetary transaction took place within the United States. |

The term "criminally derived property" means any property constituting or derived from proceeds obtained from a criminal offense.

The Government is not required to prove that a defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The Government must prove, however, that each

Defendant knew that the involved property was obtained or derived from the commission of a crime. The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, or a monetary instrument by, through, or to a financial institution.

For you to find any Defendant guilty of conspiracy to commit money laundering, the Government is not required to prove that such Defendant committed or intended to commit the underlying offenses of concealment money laundering or engaging in transactions in the proceeds of specified unlawful activity himself; rather, the Government must prove that such Defendant reached an agreement with the specific intent that the underlying crime of either concealment money laundering or engaging in transactions in the proceeds of specified unlawful activity be committed by some member of the conspiracy.

## Unanimity of Theory

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count Ten of the Indictment.

Count Ten of the Indictment accuses Defendant Nourian and Defendant Rydberg of conspiring to commit money laundering. The first alleged way is that a defendant conspired with someone else to knowingly conduct or attempt to conduct a financial transaction; that the financial transaction or attempted financial transaction involved the proceeds of a specified unlawful activity, namely health care fraud; that such Defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and that such Defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

The second alleged way is that a defendant or a coconspirator knowingly engaged in a monetary transaction; that the monetary transaction was of a value greater than $10,000; that the monetary transaction involved criminally derived property; that criminally derived property was derived from specified unlawful activity, namely health care fraud; that a defendant knew that the monetary transaction involved criminally derived property; and that the monetary transaction took place within the United States.

The Government does not have to prove both of these alleged ways for you to return a guilty verdict on this count. Proof beyond a reasonable doubt on one way is enough; however, to return a guilty verdict on any Defendant, all of you must agree on the way in which such Defendant allegedly conspired to commit money laundering. All of you must agree that (1) the

Government proved beyond a reasonable doubt that a defendant conspired with someone else to commit the crime of money laundering; or (2) that the Government proved beyond a reasonable doubt that a defendant engaged in monetary transactions in property derived from specified unlawful activity.

## Counts Eleven through Sixteen
## Money Laundering and Aiding and Abetting Money Laundering
### 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2

Title 18, United States Code, Section 1956(a)(1)(B)(i), makes it a crime for anyone to conduct or attempt to conduct a financial transaction with the proceeds of specified unlawful activity, knowing that the property involved represents the proceeds of some form of unlawful activity and that the transaction is designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity. Defendant Nourian is charged with this offense in Counts Eleven, Twelve, and Fourteen through Sixteen of the Indictment, and Defendant Rydberg is charged with this offense in Counts Eleven through Sixteen of the Indictment. The court instructs you to read Counts Eleven through Sixteen of the Indictment.

For you to find any Defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First:*      That such Defendant knowingly conducted or attempted to conduct a financial transaction;

*Second:*      That the financial transaction or attempted financial transaction involved the proceeds of a specified unlawful activity, namely health care fraud;

*Third:*      That such Defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

*Fourth:*      That such Defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

With respect to the second element, the Government must prove beyond a reasonable doubt that, in fact, the property was the proceeds of health care fraud, which is a specified unlawful activity under the statute.

With respect to the third element, the Government must prove beyond a reasonable doubt that such Defendant knew that the property involved in the transaction was the proceeds of some kind of crime that is a felony under federal, state, or foreign law; although, it is not necessary to show that such Defendant knew exactly what crime generated the funds.

I instruct you that health care fraud is a felony.

The term "transaction" includes, with respect to a financial institution, a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or any other monetary instrument or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

The term "financial transaction" includes any "transaction," as that term has just been defined, which involves the use of a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

The term "financial institution" includes, among other things, any bank whose deposits are insured by the Federal Deposit Insurance Corporation, a commercial bank, a broker, or dealer registered with the Securities and Exchange Commission under the Securities Exchange Act of 1934, a broker or dealer in securities or commodities, and an investment banker or investment company.

It is not necessary for the Government to show that a defendant actually intended or anticipated an effect on interstate commerce by his or her actions or that commerce was actually affected. All that is necessary is that the natural and probable consequence of the acts that a defendant took would be to affect interstate commerce. If you decide that there would be any

effect at all on interstate commerce, then that is enough to satisfy this element. The effect can be minimal.

The term "conduct" includes initiating or concluding, or participating in initiating or concluding, a transaction.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

## Count Seventeen
## Conspiracy to Defraud the United States
## 18 U.S.C. § 371

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to defraud the United States or any agency thereof in any manner or for any purpose. Count Seventeen charges Defendant Nourian and Defendant Rydberg with this offense. You are directed to read Count Seventeen of the Indictment.

For you to find any Defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First:*    That such Defendant and at least one other person made an agreement to defraud the Government or one of its agencies by impeding the Internal Revenue Service's ability to collect income taxes, as charged in the Indictment;

*Second:*    That such Defendant knew that the purpose of the agreement was to defraud the Government and joined in it willfully, that is, with the intent to defraud; and

*Third:*    That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Indictment, to accomplish some object or purpose of the conspiracy.

The word "defraud" here is not limited to its ordinary meaning of cheating the Government out of money or property; it also includes impairing, obstructing, defeating, or interfering with the lawful function of the Government or one of its agencies by dishonest means.

Again, a "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime," in which each member becomes the agent of every other member.

The overt act need not be of a criminal nature as long as it is done in furtherance of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy even though such Defendant had not participated before and even though such Defendant played only a minor part.

The Government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the Government need not prove that all of the details of the scheme alleged in the Indictment were actually agreed upon or accomplished; nor must it prove that all the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have assembled together and discussed common aims and interests, however, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator. Further, a conspiracy cannot be proved solely by a family relationship.

### Aiding and Abetting
### 18 U.S.C. § 2

Some of the counts in the Indictment charge Defendant Nourian and Defendant Taba with aiding and abetting in the commission of several offenses. Counts Two through Nine charge Defendant Nourian with aiding and abetting health care fraud. Counts Seven through Nine charge Defendant Taba with aiding and abetting health care fraud. Counts Eleven through Sixteen charge Defendant Rydberg with aiding and abetting money laundering, and Counts Eleven, Twelve, and Fourteen through Sixteen charge Defendant Nourian with aiding and abetting money laundering.

The guilt of a defendant in a criminal case may be established without proof that he personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by that person through the direction of another person as his agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of a defendant, or if a defendant joins another person and performs acts with the intent to commit a crime, the law holds that Defendant responsible for the acts and conduct of such other persons just as if that Defendant had committed the act or engaged in such conduct.

Before any Defendant may be held criminally responsible for the acts of others, it is necessary that each Defendant deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime. Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime, unless you find beyond a reasonable doubt that such Defendant was a participant and not merely a knowing spectator. In other words,

you may not find any Defendant guilty unless you find beyond a reasonable doubt that every element of the offense or offenses as defined in these Instructions was committed by some person or persons, and that such Defendant voluntarily participated in its commission with the intent to violate the law.

For you to find any Defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:

*First:*    That, with respect to Counts Two through Nine, the offense of health care fraud was committed by some person as alleged in the Indictment; and, with respect to Counts Eleven through Sixteen, the offense of money laundering was committed by some person as alleged in the Indictment.

*Second:*    That such Defendant associated himself with the criminal venture;

*Third:*    That such Defendant purposefully participated in the criminal venture; and

*Fourth*:    That such Defendant sought by action to make the venture successful.

"To associate with the criminal venture" means that a defendant shared the criminal intent of the principal. This element cannot be established if a defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that a defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

A "principal" is a person who authorizes another person to act in his place or on his behalf.

## Conspirator's Liability for Substantive Count

A conspirator is responsible for offenses committed by another conspirator if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a foreseeable consequence of, the conspiracy.

Therefore, if you:

(1) find a defendant guilty of the conspiracy charged in Count One, and

(2) find beyond a reasonable doubt that, during the time such Defendant was a member of the conspiracy in Count One, another conspirator committed the offenses in Counts Two through Nine in furtherance of and as a foreseeable consequence of that conspiracy,

then you may find such Defendant guilty of Counts Two through Nine, even though that Defendant may not have participated in any of the acts that constitute the offenses described in Counts Two through Nine.

Likewise, if you:

(1) find a defendant guilty of the conspiracy charged in Count Ten,

(2) find that the object of the conspiracy in Count Ten was the crime of money laundering, and

(3) find beyond a reasonable doubt that, during the time such Defendant was a member of that money laundering conspiracy in Count Ten, another conspirator committed the offenses in Counts Eleven through Sixteen in furtherance of and as a foreseeable consequence of that conspiracy,

then you may find that Defendant guilty of Counts Eleven through Sixteen, even though such Defendant may not have participated in any of the acts that constitute the offenses described in Counts Eleven through Sixteen.

**After Argument**

**Duty to Deliberate—Verdict Form**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong, but do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your sole duty is to decide whether the Government has proved each Defendant guilty beyond a reasonable doubt as to each count in the Indictment.

When you go to the jury room, the first thing that you are to do is select one of your number as your Presiding Juror, who will help to guide your deliberations and will speak for you here in the courtroom. Do not commence deliberations until you have selected a Presiding Juror; and you have received all of the trial exhibits, a copy of these Instructions, and a copy of the redacted Indictment. Never deliberate unless all jurors are present.

A verdict form has been prepared for your convenience. The Presiding Juror will write the unanimous answer of the jury in the space provided, either "Guilty" or "Not Guilty." At the conclusion of your deliberations, the Presiding Juror must date and sign the verdict.

If you need to communicate with me during your deliberations, the Presiding Juror must write the message, include the date and time, and give it to the court security officer. I will either reply in writing or bring you back into the courtroom to answer your message.

During your deliberations, unless I instruct you otherwise, you may set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long. You are to deliberate as long as you reasonably believe is necessary to reach a fair and just verdict. In any event, do not rush your decision for the sake of convenience or personal reasons.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict on the charged offenses.

Signed this 14th day of November, 2023.

Sam A. Lindsay
United States District Judge