IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Case **3:17-CR-155-L** |
| | § | |
| **DEHSHID NOURIAN (02)** | § | |
| **CHRISTOPHER RYDBERG (03)** | § | |
| **MICHAEL TABA (07)** | § | |

## <u>ORDER</u>

Before the court is Michael Taba's Unopposed Motion to Continue Sentencing Hearing and Related Deadlines (Doc. 764), filed March 14, 2024.  Also before the court are Christopher Rydberg's Motions to Continue the Sentencing Hearing and Related Deadlines, including his deadline to file objections to the Presentence Report (Docs. 757, 765), filed March 3 and 19, 2024. *To the extent set forth in this order*, the court **grants** Defendant Taba's and Defendant Rydberg's motions (Docs. 757, 764, 765) and requests to: (1) continue their sentencing hearings that are currently set in April 2024; and (2) continue their deadlines to file objections to the Presentence Report and Addendum.  All other relief requested by them is **denied as moot**.

To give the court sufficient time to rule on the parties' posttrial motions before sentencing, the court will reset the sentencing hearings for Defendants Taba, Rydberg, and Dehshid Nourian. Accordingly, the court **vacates** the sentencing hearings for Defendants Taba, Rydberg, and Nourian that are scheduled for April 22, 2024, at 9 a.m.; April 22, 2024, at 1:30 p.m.; and April, 26, 2024, at 9 a.m. These three sentencing hearings will be reset by separate order after the court's courtroom deputy confers with the parties regarding their availability in December 2024, the only time the court currently has available this year to conduct the hearings after ruling on posttrial motions.

## I.      Grounds for Motions for Continuance

Defendant Taba requests that the court "reset[] the sentencing hearing and extend[] the sentencing-related deadlines," as his counsel "needs additional time to prepare the post-trial motions and sentencing pleadings in this case because the [trial] transcripts are not ready." Mot. 1. His motion notes that additional time is also needed because Defendant Taba's attorneys have multiple time-sensitive deadlines in other cases in March, April, and May, and a multi-week trial that begins on April 8, 2024.  Mot. 1.  Given these conflicting obligations and counsel's need for "sufficient time to thoroughly review and carefully review the transcripts and to preserve [his] claims [for appeal]," Defendant Taba requests a "90-day continuance of the sentencing hearing . . . , together with a continuance of the related deadline to submit [his] sentencing memorandum." *Id.* In addition, Defendant Taba "requests that the deadline to file [his] post-trial motions be continued to June 5, 2024, assuming that the transcripts are available at least three weeks before that date." *Id.* at 2. According to his motion, the Government "does not oppose a 60-day continuance." *Id.*  The Government's nonopposition in this regard presumably applies to length of any continuance to Defendant's Taba's sentencing hearing.

Defendant Rydberg similarly requests a continuance of his sentencing hearing and related sentencing deadlines because the trial transcript has not yet been finalized.  In addition, Defendant Rydberg indicates that his counsel has other commitments involving an arbitration and a six-week trial that is scheduled to commence May 6, 2024.  Defendant Rydberg's motion notes that the Government does not oppose a continuance as long as it does not exceed 60 days.

II.     **Discussion**

    **A.  April Sentencings for All Three Defendants Are Vacated and Will Be Reset by Separate Order.**

The court will need to rule on posttrial motions before sentencing Defendants Taba, Rydberg, and Nourian, and all parties previously advised that they would like the briefing deadlines for posttrial motions to occur after the trial transcript is available.  The court currently anticipates that the trial transcript will be available by May 1, 2024.  The court's prior orders provided the parties with 56 days total from the time the transcript is filed to complete briefing on the posttrial motions.  *See* Docs. 733, 736.  This time includes 21 days for the filing of motions, 21 days for filing of responses, and 14 days for filing replies.  *Id.* Thus, if the transcript is filed by May 1, 2024, the parties' posttrial motion briefing will likely not be complete until the end of June 2024. Accordingly, the sentencing hearings scheduled in April 2024 for Defendants Taba, Nourian, and Rydberg are **vacated** and will need to be reset, and Defendants Taba's and Rydberg's requests to continue their sentencing hearings are **granted**.

Currently, the court has four criminal trials set between the end of June and the end of August 2024, and another six to eight week criminal trial set for October through the end of November 2024. Thus, although the Government opposes a continuance of more than 60 days, the only available time for the court to conduct the sentencing hearings in this case after it rules on the parties' posttrial motions is December 2024. The court's courtroom deputy will, therefore, contact the parties to secure new sentencing dates in December 2024 for Defendants Taba, Rydberg, and Nourian. ***This is sufficient advance notice for all parties and counsel to adjust their schedules to make themselves available during December 2024. Further, in continuing the sentencing hearings to December 2024, no Defendant or their counsel can argue that they did not have sufficient time to prepare for their respective sentencing hearing.  Accordingly, once reset to dates***

*in December 2024, the sentencing hearings will not be continued again absent exceptional circumstances beyond the control of Defendants or their counsel.*

### B. Posttrial Motion Briefing Deadlines and the Deadline for Filing Sentencing Memorandums Will Remain the Same.

The deadline for filing sentencing memorandums is 14 days before sentencing. Likewise, as indicated, no date was set for the filing of the parties' posttrial motion briefing. Instead, in accordance with the court's prior orders, the deadlines for this briefing runs from the date the transcript is filed and made available to the parties. Given the court's decision to continue the sentencing hearings, there is no need to continue these deadlines. Accordingly, Defendant Taba's request to continue these deadlines is **denied as moot**. Likewise, to the extent Defendant Rydberg also seeks an extension of his deadline to file a sentencing memorandum, such request is **denied as moot**.

### C. Sentencing Deadlines for Filing Objections and an Addendum Are Continued.

It is not entirely clear from Defendant Taba's motion, but it appears that he is also seeking a further extension to file objections to the Presentence Investigation Report that was filed February 23, 2024. Less than 10 days ago, the court granted another request by him for a two-week extension of his deadlines to object to the Presentence Report and any Addendums. No mention at that time was made to any conflicting obligations of counsel that would support an additional extension of time, and it is unclear what has transpired since Defendant Taba filed his last motion to give rise to his second request for a much longer extension of time. Defendant Taba's current motion also fails to explain why a copy of the trial transcript is necessary to file objections to the Presentence Report. In reviewing his prior motion for continuance, however, Defendant Taba indicated that the trial transcript was needed to confirm whether the probation officer's loss amount includes claims and

billing data excluded during the trial.  The court assumes that Defendants Rydberg and Nourian may want to review the trial transcript for this reason or other reasons that pertain to sentencing.

Accordingly, the court **grants** the requests of Defendants Taba and Rydberg to continue objection-related sentencing deadlines. For continuity purposes, the court **continues** the sentencing deadlines for all three Defendants (Defendants Taba, Rydberg, and Nourian) as follows: The Objections for Defendants Taba, Rydberg, and Nourian to the Presentence Report must be filed by **5:00 p.m., June 3, 2024.**  The deadline for the probation officer to disclose any revisions or addendum to the Presentence Report for Defendants Taba, Rydberg, and Nourian is **5:00 p.m.**, **July 1, 2024.** Written objections to these revisions or addendum must be filed by **5:00 p.m., July 15, 2024**.  All other portions of the court's original Sentencing Scheduling Order shall remain in effect. ***This extension for Defendants Taba, Rydberg, and Nourian to file their respective sentencing objections is quite generous. For this reason and given the prior extensions to date, the court will not grant any further extensions of these deadlines absent a showing of good cause beyond ordinary scheduling conflicts.***

### III.    Conclusion

For the reasons herein set forth, Defendant Taba's and Defendant Rydberg's motions (Docs. 757, 764, 765) are **granted** *to the extent indicated in this order*.  Accordingly, the April 2024 sentencing hearings for Defendants Taba, Rydberg, and Nourian are **vacated** and will be reset to December 2024 by separate order.  In addition, the sentencing deadlines with respect to Defendants Taba, Rydberg, and Nourian are **continued** in accordance with this order.

**It is so ordered** this 20th day of March, 2024.

Sam A. Lindsay
United States District Judge