IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v.  § | Case No. **3:17-CR-155-L** |
| § | |
| **DEHSHID NOURIAN (02)** § | |
| **A.K.A. DAVID NOURIAN; and** § | |
| **CHRISTOPHER RYDBERG (03)** § | |

## AMENDED PRELIMINARY ORDER OF FORFEITURE

The court **vacates** the Preliminary Order of Forfeiture (Doc. 924), filed December 13, 2024, and **issues** this Amended Preliminary Order of Forfeiture. The amended language is set forth in **bold** in subpart (c) on pages one and five of this document.

On November 27, 2024, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 900) was entered, recommending that the court **grant** the Government's Opposed Motion for Preliminary Order of Forfeiture ("Motion") (Doc. 773) and, in accordance with Federal Rule of Criminal Procedure 32.2(b)(2)(A), enter an order before sentencing stating that the Government is entitled to forfeiture of the following assets with respect to Defendants Dehshid Nourian a.k.a. David Nourian and Christopher Rydberg ("Defendants"):

a. Real property located at 217 Bella Riva, Austin, Texas 78734;
b. $229,931.68 of $1,251,570.92 in proceeds obtained from the sale of real property located at 2525 Handley Ederville Road, Richland Hills, Texas;
c. **$650,000.00 in cash paid to and received by the government in lieu of and as substitute *res* for the $467,921.08 or 86.855440% of the real property located at 867 FM 3133, Van Alstyne, Texas 75495**;
d. $1,815,847.21 in funds seized from Wells Fargo Bank Account XXXXXX0302 in the name of Industrial & Family Pharmacy Inc.;
e. $27,907.62 in funds seized from JP Morgan Chase Bank Account XXXXX2280 in the name Ability Pharmacy Inc.;
f. $70,437.93 in funds seized from JP Morgan Chase Bank Account XXXXX3462 in the name Jade and Joy Holdings LLC;
g. $96,924.25 in funds seized from JP Morgan Chase Bank Account XXXXXX7273 in the name Jade and Joy Holdings LLC [replaces the asset described in Superseding Indictment

      as "All funds or up to $146,181.18 in JPMorgan Chase account XXXXXX7273 held in the name of Jade and Joy"];

h. $106,211.14 in funds seized from BancorpSouth Bank Account XXXXXX5371 in the name of Bandoola Pharmaceutical LLC [replaces the asset described in the Superseding Indictment as "All funds or up to $107,041.49 in Bancorp South account XXXXXX5371 held in the name of Bandoola"];

i. $363,344,677.61 seized from Charles Schwab account ending in 5789 (formerly TD Ameritrade account ending 1944) in the name of Sherri Mofid;

j. $31,126,385.44 seized from TD Ameritrade account ending in 4516 (Charles Schwab) in the name of Dehshid Nourian and Larisa Nourian; and

k. 2016 BMW 7 Series Sedan 4D 750xi, VIN WBA7F2C58GG416750.

Report 21.

Prior to issuing the Report, the magistrate judge conducted a hearing on the Motion and directed the parties to submit supplemental briefing and proposed findings and conclusions with record citations regarding the property described as "$31,126,385.44 seized from [Schwab x4516,]." *Id.* at 5. In support of the magistrate judge's recommendation, the Report sets forth the legal standard applicable to forfeiture in criminal proceedings. The magistrate judge then applied this standard to the facts and evidence in determining that the Government satisfied its burden of establishing the requisite nexus between the assets and property identified in its forfeiture notice(s) and the criminal offenses for which Defendants were found guilty—health care fraud, money laundering, and related conspiracy schemes.

The magistrate judge determined that the Government satisfied its burden by, among other things, introducing extensive evidence, including forensic accounting conducted using the Lowest Intermediate Balancing Rule or "LIBR" method as calculated by Mark Burrell, the Investigative Analyst Specialist of the United States Postal Service Office of the Inspector General, whose calculations were introduced at trial and through the Government's evidence in support of its Motion. The magistrate judge further determined that "property along with its appreciation is subject to forfeiture" because the fraudulent proceeds were adequately traced to the assets for which forfeiture was sought, and "the property sought for forfeiture is not grossly disproportionate to the underlying offenses. *Id.* at 20. The magistrate, therefore, concluded that "that all of the property the Government

seeks is forfeitable as assets traceable to DOL [Department of Labor] fraud proceeds and to property involved in money laundering under 18 U.S.C. §§ 982(a)(1) and 982(a)(7)." *Id.* In reaching this conclusion, the magistrate judge also rejected the defense's arguments regarding untainted funds and determined that commingled funds were subject to forfeiture because they concealed the laundered funds and facilitated the money laundering.

On December 10, 2024, Defendants Nourian and Rydberg filed joint objections (Doc. 918) to the Report with respect to the magistrate judge's forfeiture determinations regarding the TD Ameritrade x4516 (Charles Schwab) account; the Richland Hills and Van Alstyne Properties; the JP Morgan Chase x7273 and BancorpSouth Bank x5371 accounts; and Bandoola Pharmaceutical LLC, Jade and Joy Holdings LLC, and HJLM Holdings. As noted in the Government's response to Defendants' objections, Defendants **waived** some of their objections because they did not present them to the magistrate judge.

Thus, the court agrees that Defendants' arguments—that the Richland Hills real property, Van Alstyne real property, seized funds from JP Morgan Chase x7273, and seized funds from BancorpSouth Bank x5371 are not subject to forfeiture as proceeds of money laundering—are **waived.** Even if not waived, the arguments fail because the Government submitted proposed orders and argued that these proceeds were subject to forfeiture as health care fraud proceeds and involved in the money laundering, and the magistrate judge agreed that these assets were involved in the health care fraud and money laundering schemes such that the amount subject to forfeiture is the same whether forfeitable as heath care fraud or money laundering proceeds.

Defendants also **waived** their objection to the magistrate judge's finding that Bandoola Pharmaceutical LLC, Jade and Joy Holdings LLC, and HJLM Holdings were shell or holding companies as a result of their not presenting the issue or evidence to the magistrate judge to rebut

the Government's evidence based on Mark Burrell's trial testimony and declaration. Moreover, as correctly noted by the Government, that these companies may have been involved in other limited ventures does not negate that they were shell companies that also facilitated the money laundering. Gov't Resp. 7 & n.2.

Regarding Defendants' remaining objections—including the objection that some funds in the TD Ameritrade x4516 (Charles Schwab) account are not subject to forfeiture because they pre-existed the fraudulent conduct and/or were not purchased with health care proceeds, and they could not have facilitated the laundering of subsequent deposits—the court finds no error. While Defendants attempt to distinguish the authority cited by the magistrate judge, the Government correctly notes that similar arguments were rejected by the Fifth Circuit in that same case because there was evidence of commingling. *See* Report (citing *United States v. Tencer,* 107 F.3d 1120, 1134-35 (5th Cir. 1997));* *see also* Gov't Resp. 9 (quoting *United States v. Real Property Located at 1407 N. Collins Street, Arlington, Tex.*, 901 F.3d 268, 274-75 (5th Cir. 2018) (Although "merely pooling tainted and untainted funds in an account does not, without more, render that account subject to forfeiture,' untainted funds are forfeitable if a defendant commingled them with tainted funds 'to disguise the nature and source of his scheme.'") (quoting *Tencer*, 107 F.3d 1134-35)). The magistrate judge determined that the Government met its burden in this regard, and as

---

* The Report also cites *United States v. Cessa*, 861 F.3d 121, 135 (5th Cir. 2017); however, the court disregards this case in ruling on Defendants' objections and the parties' arguments in response to the Report because the Fifth Circuit in this *Cessa* appeal did not ultimately reach the challenge to the forfeiture order. *See id.* at 127, 143 ("In light of our remand on the *Brady* claim, we do not reach Colorado's challenge to the forfeiture order," as "it is contingent on a valid conviction."). Defendants' objections correctly note that the Report mistakenly referred to an earlier *Cessa* appeal, but they acknowledge that the Fifth Circuit subsequently addressed in the forfeiture context the effect of commingling tainted and untainted funds in *United States v. Cessa*, 872 F.3d 267, 274 (5th Cir. 2017), and the court **determines** that this case, as well as the others cited herein support the magistrate judge's findings and conclusions as to the commingled funds.

indicated, the court finds no error as to this or any other objection asserted by Defendants, which are **overruled**.

Having considered the Government's Motion, the parties' briefs, including the supplemental filings submitted at the magistrate judge's request, Defendants' objections, the Government's response to the objections and Notice of no objection to the Report, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge (Doc. 900) are correct, and **accepts** them as those of the court.

Accordingly, the court **overrules** Defendants' objections (Doc. 918) (including those it determined were **waived**), **grants** the Government's Motion (Doc. 773), and **orders** with respect to Defendants Dehshid Nourian and Christopher Rydberg that the Government is entitled to forfeiture of the following assets, and pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 982(a)(1) and Federal Rule of Criminal Procedure 32.2(b), all right, title, and interest in the following Subject Property is **forfeited** to the United States of America:

   a. Real property located at 217 Bella Riva, Austin, Texas 78734;
   b. $229,931.68 of $1,251,570.92 in proceeds obtained from the sale of real property located at 2525 Handley Ederville Road, Richland Hills, Texas;
   c. **$650,000.00 in cash paid to and received by the government in lieu of and as substitute *res* for the $467,921.08 or 86.855440% of the real property located at 867 FM 3133, Van Alstyne, Texas 75495**;
   d. $1,815,847.21 in funds seized from Wells Fargo Bank Account XXXXXX0302 in the name of Industrial & Family Pharmacy Inc.;
   e. $27,907.62 in funds seized from JP Morgan Chase Bank Account XXXXX2280 in the name Ability Pharmacy Inc.;
   f. $70,437.93 in funds seized from JP Morgan Chase Bank Account XXXXX3462 in the name Jade and Joy Holdings LLC;
   g. $96,924.25 in funds seized from JP Morgan Chase Bank Account XXXXXX7273 in the name Jade and Joy Holdings LLC [replaces the asset described in Superseding Indictment as "All funds or up to $146,181.18 in JPMorgan Chase account XXXXXX7273 held in the name of Jade and Joy"];
   h. $106,211.14 in funds seized from BancorpSouth Bank Account XXXXXX5371 in the name of Bandoola Pharmaceutical LLC [replaces the asset described in the Superseding

**Amended Preliminary Order of Forfeiture – Page 5**

       Indictment as "All funds or up to $107,041.49 in Bancorp South account XXXXXX5371 held in the name of Bandoola"];

  i. $363,344,677.61 seized from Charles Schwab account ending in 5789 (formerly TD Ameritrade account ending 1944) in the name of Sherri Mofid;

  j. $31,126,385.44 seized from TD Ameritrade account ending in 4516 (Charles Schwab) in the name of Dehshid Nourian and Larisa Nourian; and

  k. 2016 BMW 7 Series Sedan 4D 750xi, VIN WBA7F2C58GG416750.

The court further **orders** as follows:

Pursuant to Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or designee) is authorized to seize the Subject Property, conduct any discovery proper in identifying, locating, or disposing of the Subject Property subject to forfeiture, and commence an ancillary proceeding under 21 U.S.C. § 853(n) to account for potential third-party interests.

In accordance with, 21 U.S.C. § 853(n)(1), the United States shall publish notice of this order on the Government's internet website, www.forfeiture.gov. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property.

Under 21 U.S.C. § 853(n)(2), any person, other than Defendants, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property.

Under 21 U.S.C. § 853(n)(3), any third-party petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claims, and the relief sought.

Pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

Under 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property identified in this order following the court's disposition of all third-party interests, or if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

Under Fed. R. Crim. P. 32.2(b)(4), this order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and referenced in the judgment.

The court shall retain jurisdiction to enforce this order, and to amend it as necessary under Fed. R. Crim. P. 32.2(e).

It is so **ordered** this 24th day of February, 2025.

                                              Sam A. Lindsay
                                              United States District Judge